# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **KEVIN PARFAIT** | **CIVIL ACTION NO. 5:09-cv-1900** |
|     LA. DOC # 484264 | |
| VS. | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **HEYWARD SHIVLEY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Kevin Parfait, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 2, 2009.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  He is incarcerated at the David Wade Corrections Center, Homer, Louisiana; however, he complains that Jackson Parish Deputies exposed him and the public to danger when they transported him from the Terrebonne Parish Criminal Justice Complex (TPCJC) to the Jackson Parish Correctional Center(JPCC) on July 17, 2009.  He sued the two deputies asking for compensatory damages in the amount of $80,000. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff is an inmate in the custody of the LDOC. On July 17, 2009, he was transported from the TPCJC to the JPCC. While en route, Dy. Shively and Dy. Moffett, the two Jackson Parish Deputies in charge of transporting plaintiff and others, stopped at a convenience store in Broussard,

Louisiana and allowed the inmates to use a public restroom at that facility. According to plaintiff, Shively escorted two of the inmates into the store while Moffett remained in the parking lot with plaintiff and three other inmates. According to plaintiff, these actions violated "transportation policies and put my life in danger and the public as well." Plaintiff seeks compensatory damages in the amount of $80,000.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff's original complaint sets forth his claim and the basis for his cause of action. He need not be permitted further amendment because his claims – taken as true for the purposes of this report – are manifestly frivolous.

*2. Eighth Amendment*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[1] Plaintiff claims that the defendants violated "transportation policies" but he has not demonstrated the violation of a right guaranteed by the Constitution or laws of the United States.

Further, to the extent that plaintiff implies that the circumstances described in his complaint implicate the Eighth Amendment's prohibition of cruel and unusual punishment, his claim fares no better. "The Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995). Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care; and, they must take reasonable measures to guarantee the safety of the inmates in their custody. See *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Plaintiff has not shown how the actions of the defendants violated his rights under the Eighth Amendment, and therefore, his claim is frivolous.

---

[1] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

### *3. Title 42 U.S.C. §1997e*

Finally, as shown above, plaintiff seeks compensatory damages in the amount of $80,000 because he and others were "put ... in danger..." Title 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997)

Plaintiff has alleged no physical injury and the undersigned can imagine no such injury resulting from the facts thus far alleged. Since plaintiff has alleged no physical injury resulting from the actions of the defendant, his claim for monetary damages is legally without merit and subject to dismissal as frivolous.

### *4. Conclusion and Recommendation*

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

---

[2] The undersigned notes that plaintiff has, on two previous occasions, while incarcerated, had civil rights complaints dismissed as frivolous or for failing to state a claim for which relief may be granted, or, for seeking monetary damages against defendants who are immune from suit as provided by 28 U.S.C. §1915(e)(2)(B). See *Parfait v. Lyons*, No. 2:10-cv-0519 (U.S.D.C. Eastern District of Louisiana, 3/11/2010) and *Parfait v. Arceneaux*, No. 2:10-cv-0824 (U.S.D.C. Eastern District of Louisiana, 5/5/2010). Should the District Court accept this Report and Recommendation and order dismissal of plaintiff's claims as frivolous, he will be barred from proceeding *in forma pauperis* in the future unless he can establish that he is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, June 29, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE